**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HECTOR FLORES,**<br><br>***Plaintiff*,**<br>**v.**<br><br>**LOWES HOME CENTERS, L.L.C. a/k/a LOWES d/b/a/ LOWES HOME IMPROVEMENT #1137,**<br><br>***Defendant*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-22-CV-00296-KC** |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff Hector Flores's "Motion to Compel Discovery" (ECF No. 22). The motion was referred to the undersigned Magistrate Judge by the Honorable District Judge Kathleen Cardone. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). For the reasons set forth below, the Court determines[1] that the motion should be granted in part, denied as moot in part, and denied in part.

## I. BACKGROUND

The factual allegations in this paragraph are taken from Flores's amended complaint (ECF No. 1-2). On June 10, 2020, Flores went to a Lowe's store to shop for small drains and entered an aisle of the store. He knelt down to the floor to examine large bins that were located

[1] *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any *pretrial matter* pending before the court, except [certain motions.]" (emphasis added)); Fed. R. Civ. P. 72(a) ("When a pretrial matter *not dispositive* of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . , when appropriate, issue a written order stating the decision." (emphasis added)); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter."); *Thomas E. Hoar, Inc. v. Sara Lee Corp*., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–18 (5th Cir. Unit A 1981) ("[D]iscovery issues are by definition pretrial matters," and "the magistrate possessed the authority under 28 U.S.C. § 636(b)(1)(A) to enter non-dispositive discovery orders.").

on the floor and contained drain coverings. As he was getting up from the floor, a large box fell out from a bin located on a shelf directly above him and hit his face. As a result, he sustained severe injuries to his body.

In May 2022, Flores initiated this lawsuit against Defendant Lowe's Home Centers, LLC in the 34th District Court of El Paso County, Texas, in Cause No. 2022DCV1588. He asserts claims for premises liability based on *respondeat superior* and/or vicarious liability theories. He seeks monetary relief of over $1,000,000. In August 2022, Lowe's removed the case to federal court premised on diversity jurisdiction, 28 U.S.C. § 1332.

On May 8, 2023, Flores filed the instant motion to compel discovery (ECF No. 22). On May 9, 2023, Judge Cardone referred the motion to the undersigned Magistrate Judge.[2] After this Court granted Lowe's leave to file an out-of-time response to Flores's motion,[3] Lowe's' response (ECF No. 33) was docketed on May 31, 2023. Flores followed by filing a reply (ECF No. 34) on June 2, 2023. The discovery deadline is July 12, 2023, and the dispositive motions deadline is August 10, 2023.[4]

## II. DISCUSSION

### A. Applicable Laws

Once a case has been removed from state court to federal court, Federal Rules of Civil Procedure, not state procedural rules, govern the case. Fed. R. Civ. P. 81(c)(1).[5] A party may

---

[2] Text Order (May 9, 2023).

[3] Order, ECF No. 32; *see also* Order to Show Cause, ECF No. 25

[4] First Am. Scheduling Order, ECF No. 21.

[5] *See also Willy v. Coastal Corp.*, 503 U.S. 131, 134–35 (1992) (The "expansive language [of Rule 81(c)] contains no express exceptions and indicates a clear intent to have the [Federal] Rules [of Civil Procedure] . . . apply to all district court civil proceedings."); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974) ("The Federal

serve on any other party written interrogatories which "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). A party may serve on any other party "a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information" in the other party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b) sets the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). At the discovery stage, relevancy is broadly construed. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). "'[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.'" *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Information discoverable within the scope of Rule 26(b) "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move to compel an answer or production if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery must show specifically how each interrogatory or request is not relevant or specifically state a valid objection thereto. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Conclusory objections such as "overly broad, burdensome, and oppressive" are not adequate to voice a successful objection. *Id.* The court may decline to

---

Rules of Civil Procedure . . . govern the mode of proceedings in federal court after removal." (citing Fed. R. Civ. P. 81(c)))).

compel, and at its option, may limit the extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

**B. The Parties' Discovery Disputes and the Court's Rulings**

In his motion, Flores contends that Lowe's failed to make certain initial disclosures and further failed to provide requested discovery in several categories. These are: (1) insurance agreements, (2) investigation documents, (3) witness information, (4) maintenance and safety policies and procedures, and (5) facts related to the incident.[6] Below, the Court addresses in turn each category of requested discovery.

Before addressing the parties' disputes, the Court addresses two preliminary matters.[7] First, the Court observes that in responding to Flores's discovery requests, Lowe's asserted objections (hereinafter, referred to as Lowe's "prior objections") that are impermissibly general

[6] Pl.'s Mot. to Compel Disc. at 2–9 [hereinafter, "Pl.'s Mot. to Compel"], ECF No. 22.

[7] The Court also observes that the parties reference language from an outdated standard of relevancy that has long been removed from Rule 26(b). For example, Flores writes, "The rule is clear that Plaintiff is entitled to the discovery that *could lead to information that would be admissible evidence*," Pl.'s Mot. to Compel at 5 (emphasis added), whereas Lowe's writes, "Defendant objects to this Request as being . . . not *reasonably calculated to lead to the discovery of admissible evidence*," Def.'s Resp. at 6 (emphasis added).

For example, a prior version of Rule 26(b) provided: "Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. P. 26(b)(1) (2012) (emphasis added). Such language is also found in current Texas procedural rules governing scope of discovery, Tex. R. Civ. P. 192.3(a) ("It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears *reasonably calculated to lead to the discovery of admissible evidence*." (emphasis added)). However, in 2015, the Federal Rules of Civil Procedures were amended to remove such language from Rule 26. Fed. R. Civ. P. 26 advisory comm.'s notes to 2015 amend. ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. . . . The 'reasonably calculated' phrase has continued to create problems . . . and is removed by these amendments.").

and conclusory. However, in its brief in response to Flores's motion to compel, Lowe's provides additional arguments as to some of the prior objections. Therefore, in addressing the parties' disputes, below, the Court will consider only those prior objections for which Lowe's' response brief provides further explications. Second, the Court observes that as to some of the discovery requests, Lowe's represents, in its response brief, that it will remove its prior objections thereto and that it will supplement discovery accordingly. In his reply brief, Flores does not address *some* of the discovery requests for which Lowe's says it will remove its prior objections and supplement discovery; the Court therefore understands that the parties no longer have disputes as to these discovery requests.

***1. Insurance Agreements***

At dispute is Flores's Request for Production No. 12, which seeks: "The Declaration Sheet and policy of insurance insuring Defendant in this claim."[8] In its response brief, Lowe's states that it will supplement its production with the declaration page for the insurance agreement and reflect the same in its amended response.[9] In his reply brief, Flores does not address this request. Consequently, the Court **DENIES AS MOOT** Flores's motion as to this request.

***2. Investigation Documents***

At dispute are Flores's Request for Production Nos. 26, 27, and 48.[10]

> Request for Production No. 26: "Any and all tangible things that show or depict the investigation made by Defendant as result of this accident and before the anticipation of litigation or hiring of counsel."

[8] Def.'s Resp. to Pl.'s Mot. to Compel Disc. at 3 [hereinafter, "Def.'s Resp."], ECF No. 33. Because the pages of Lowe's response brief were not numbered by its author, the Court references the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[9] *Id.*

[10] *Id.*

> Request for Production No. 27: "Defendant's *store investigative file* as result of this accident and before the anticipation of litigation or hiring of counsel."
>
> Request for Production No. 48: "Manager's notes, emails, correspondence, and or any other documents involving the "investigation" of the incident subject to this suit."

(Emphasis added.)

Lowe's represents that it will remove its prior objections to Request No. 26 and supplement its response. The Court therefore **DENIES AS MOOT** Flores's motion as to Request No. 26. Further, Lowe's says that it will remove its prior objections to Request No. 48 and will supplement its response to reflect, "none." The Court therefore **DENIES** Flores's motion as to Request No. 48.[11]

The parties dispute on Request No. 27 remains outstanding; the request seeks production of Lowe's' "store investigative file." Lowe's states that it will remove its prior objections (which included objections based on the attorney-client privilege and/or work-product doctrine or on the ground that materials sought were prepared in anticipation of litigation) and will supplement its response to reflect that the responsive documents were previously produced.[12] Elsewhere in its brief, Lowe's indicates that it has produced an "incident report," but Flores says that is not enough. Flores points out that the incident report requires Lowe's employees to "gather certain information," but that Lowe's has not produced them.[13] He does not elaborate on

[11] *See Allen v. Archer Daniels Midland Co.*, No. CV 17-14107, 2019 WL 13274354, at *1 (E.D. La. Jan. 9, 2019) ("Rule 34 does not require a party to create responsive materials, only to produce those in its possession, custody or control. A document or thing is not in the possession, custody or control of a party if it does not exist." (internal quotes and citations omitted)).

[12] Def. Resp. at 6.

[13] Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Compel Disc. [hereinafter, "Pl.'s Reply"] at 4 (citing Ex. B), ECF No. 34.

the "certain information," but points the Court to a portion of the incident report that instructs Lowe's employees to send to Lowe's Claims Office the following: "DSR for the day of the incident," "security video," "video, photos, etc.," "product . . . involved," and "work schedule of all employees on duty on the date of incident."[14] Flores requests such investigation documents "per policy."[15] The incident report indicates that the reporting employee gathered a photograph, which Lowe's produced. Lowe's has not indicated to the Court whether such information and documents—other than the above-mentioned photograph and incident report—were gathered by its employees as part of any investigation it made.

The Court **GRANTS** Flores's motion as to Request No. 27. In particular, Lowe's must produce any document, material, and information gathered—other than, and in addition to, the incident report and photograph thus far produced—in connection with any investigation it conducted as result of the incident made the basis of this lawsuit to the extent that such document, material, and information are within Lowe's' possession, custody, or control.[16]

---

[14] Ex. B to Pl.'s Reply at 1, ECF No. 34-2.

[15] Pl.'s Reply at 4.

[16] *See* Fed. R. Civ. P. 26 advisory comm.'s notes to 1970 amend. ("Materials assembled in the ordinary course of business . . . or for other nonlitigation purposes are not under the qualified immunity provided by" Rule 26(b)(3)); Fed. R. Civ. P. Rule 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation."); *see also Black v. Costco Wholesale Corp.*, No. 3:20-CV-00344, 2021 WL 6496721, at *3–*4 (M.D. Tenn. Mar. 8, 2021) (ordering, in a slip-and-fall case, defendant storeowner to produce all internal documents and information, including store surveillance video footage, gathered for defendant's post-accident investigation of the slip-and-fall incident at issue to the extent the documents and information were within defendant's possession, custody, or control, where the defendant did not argue that the requested discovery was protected by a privilege or was otherwise not discoverable); *Bobalik v. BJ's Restaurants, Inc.*, No. 3:19-CV-0661-RGJ-LLK, 2020 WL 7241060, at *2, *7 (W.D. Ky. Dec. 9, 2020) (ordering, in a slip-and-fall case, production of investigation notes, such as guests' responses to questionnaires, in addition to incident report prepared by defendants' manager, where the defendants failed to meet their burden to establish the applicability of the attorney-client privilege and the work product doctrine to the investigation notes).

### *3. Witness Information*

At dispute are Flores's Request for Production No. 29, Request for Initial Disclosure No. 5, and Interrogatory No. 6. Request for Production No. 29 seeks: "A roster of employees on duty at the store for the day of incident in question in the store in question."[17] In its response brief, Lowe's states that it will remove its objections and supplement its production with the roster of the employees for the day of the incident.[18] In his reply brief, Flores does not address this request. Therefore, the Court **DENIES AS MOOT** his motion as to Request No. 29.

While the case was in state court, Flores requested initial disclosures under Texas Rule of Civil Procedure 194.2, and before this Court, Flores propounded Interrogatory No. 6. Because they are related and overlap, the Court addresses them together. They are as follows.[19]

> Initial Disclosure No. 5: "[T]he name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case[.]"
>
> Interrogatory No. 6: "Please state the name, address and telephone number of all employees that were working at or near the time of the events of the Plaintiff's injuries by providing their name, title, shift hours, time of employment with Defendant, current status (employed or not employed with Defendant), and last known address and last known telephone number if they are no longer employed with Defendant."

Texas Rule of Civil Procedure 194.2 provides that "[w]ithout awaiting a discovery request, a party must provide to the other parties," as relevant here, "the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case." Tex. R. Civ. P. 194.2(b)(5). The federal

[17] Def.'s Resp. at 4.

[18] *Id.*

[19] *Id.* at 3–5.

counterpart to the Texas rule is not tied to relevance but is more circumscribed: "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that *the disclosing party may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).[20] Although Rule 26 no longer expressly requires the disclosure of individuals having knowledge of relevant facts, "the identity and location of persons who know of any discoverable matter" are discoverable, upon request, "when relevant and proportional to the needs of the case." Fed. R. Civ. P. 26 advisory comm.'s notes to 2015 amend.; *see also id.* ("Discovery of such matters is . . . deeply entrenched in practice.").

In response to Flores's state-court Request for Initial Disclosure No. 5, Lowe's responded by listing "Lowe's Home Centers, LLC c/o its counsel of record."[21] That is insufficient for purposes for Rule 26(a)(1)(A)(i). The Court **GRANTS** Flores's motion as to initial disclosures and **ORDERS** Lowe's to serve initial disclosures pursuant to Rule 26(a)(1)(A)(i), which, as mentioned, requires disclosure not only of the name and, if known, the address and telephone number of each individual likely to have discoverable information and whom Lowe's may use to support its claims or defenses, but also the subject of the information.

---

[20] *See Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 663 (D. Colo. 2015) ("Rule 26(a)(1)(A)(i) does not require the identification of every individual that may know something about the matter in dispute. Rather, the disclosure obligation is limited to those individuals who are likely to have discoverable information 'that the disclosing party may use' to support its claims or defenses. Rule 26(a)(1)(A)(i) also requires the disclosing party to identify 'the subjects of the information' that a disclosed individual may provide.").

[21] Pl.'s Mot to Compel at 3.

Lowe's stands on its prior objections to Interrogatory No. 6.[22] Flores argues, pursuant to his state-court request for initial disclosures and/or Interrogatory No. 6, for the name, address, and telephone number of Lowe's store manager and the same of the assistant store manager who were on duty on the date of the incident, Lowe's "employees assigned to the department where the incident took place, employee that restocked and repackaged the merchandise that caused the injury, and loss prevention or other employee responsible for the investigation per policy."[23] He points out that a Lowe's policy that it produced requires that an employee conduct a visual sweep of each department and aisle to determine if there are any safety issues every morning at 10:00 AM and that the alleged incident occurred around 10:15 AM, but that Lowe's has not yet provided "the name of the employee that was required to conduct the visual sweep or the name of the manager that was to assign the employees."[24]

Lowe's says that it will provide the names of employees that were assigned to the department at the time that the alleged incident occurred and the names of employees who were in charge of "storing or restacking merchandise."[25] Still, Lowe's objects on the ground that providing its employees' addresses and telephone numbers implicates privacy concerns of the employees.[26]

---

[22] Def.s' Resp. at 5.

[23] Pl.'s Reply at 3.

[24] *Id.*

[25] Def.s.' Resp. at 5. In his briefs, Flores sometimes mentions "stock"/"restock" and other times, "store"/"restack." *Compare* Pl.'s Mot. to Compel at 4 ("stocking"), *and* Pl.'s Reply at 3 ("restock"), *with* Pl.'s Mot. to Compel at 4 ("storing or restacking"). To the extent that the parties view these terms as having different meanings, the Court will use "stock" to mean "store," "stock," and "stack."

[26] Def.s.' Resp. at 5.

The Court **GRANTS IN PART** Flores's motion as to Interrogatory No. 6. In so ruling, the Court **MODIFIES**[27] Interrogatory No. 6 as follows.

> Interrogatory No. 6 (modified): Please state the name, address, telephone number, title, shift hours and time of employment with Defendant, and current employment status (employed or not employed with Defendant) of each of the following employees:
>
> (1) Store manager and the assistant store manager(s) who were on duty on the day of the alleged incident made the basis of this lawsuit;
>
> (2) Employees that were assigned to work or otherwise worked in the department within which the alleged incident occurred and were so assigned or did so work at the time of the alleged incident;
>
> (3) Employees that packaged or stocked, upon return, the merchandise that allegedly caused the injury made the basis of this lawsuit;
>
> (4) Employees that were required or assigned to conduct a visual sweep of the department within which the alleged incident occurred; and
>
> (5) Employees who were responsible for any investigation of the alleged incident conducted pursuant to any Lowe's policy.[28]

Lowe's must provide last known addresses and last known telephone numbers for any former employees under Interrogatory No. 6, as modified.

The Court **OVERRULES** Lowe's objections based on privacy concerns insofar as it seeks to shield from disclosure responsive addresses and telephone numbers. However, Lowe's may provide such addresses and telephone numbers under an appropriate designation pursuant to the confidentiality and protective order that was issued by the District Court in this case.

---

[27] In making the modifications, the Court harmonizes, based on the parties' arguments, Flores's state-court request for initial disclosure of persons having knowledge of relevant facts and the interrogatory as initially propounded—keeping in mind proportionality of the discovery sought.

[28] 8 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2013 (3rd ed.) ("Persons who have investigated a case on behalf of one of the parties are persons with knowledge of a discoverable matter. Thus their names and addresses also are a proper subject of discovery.").

### *4. Maintenance and Safety Policies and Procedures*

At dispute are Request for Production Nos. 39, 33, 43 and 44, which recites as follows.[29]

> Request for Production No. 39: "All policies and procedures of *maintaining* the area in question."
>
> Request for Production No. 33: "Any and all documents and tangible things that show/depict the policies, procedures of Defendant for maintaining or inspecting the shelves of merchandise where the Plaintiff's incident occurred to ensure it is safe for invitees such as the Plaintiff."
>
> Request for Production No. 43: "Any guides, memos, policy, procedures, trainings, guides, manuals, on how to address the issue of falling merchandise from shelves."
>
> Request for Production No. 44: "Any guides, memos, policy, procedures, trainings, guides, manuals, on how [to] warn and protect customers from *dangerous conditions* like the incident made the basis of this suit."

(Emphasis added.)

Lowe's stands on its prior objections to these requests. In addition, it argues that the phrase "maintaining the area in question" as used in Request No. 39 is vague and ambiguous in that the request could include virtually anything from the lighting of the area, to cleaning the floors, to security camera positions, and so on.[30] It similarly contends that the phrase "dangerous conditions" as used in Request No. 44 is vague and open to interpretation.[31] Lowe's further argues that Request Nos. 33, 43, and 44 are not reasonably limited in time or the subject incident.[32]

---

[29] Def.'s Resp. at 6–8.

[30] *Id*. at 6.

[31] *Id.* at 8.

[32] *Id.* at 7–8 (objections that the requests are "not reasonably limited in scope of time"); *id.* at 8–9 ("As Plaintiff has noted, this is a case where an item allegedly fell off a shelf at Defendant's store and struck Plaintiff. Plaintiff is seeking all policies and procedures governing the entire store.").

Flores argues that under these requests, he is entitled to discovery of policies and procedures regarding customers shopping in the store, duties and responsibilities of Lowe's employees, number of employees as well as policies and procedures of maintaining the store in general, inspection, walking the aisles, maintaining the aisle, customer safety, injuries in the store, accident prevention, accident handling, investigation handling, and training of employees.[33] Flores adds that the item that allegedly struck him was "a returned item and had the return invoice still attached to it, was open, and was not sealed," so, he argues, Lowe's "return policies" and its policies of "storing/stacking" of returned merchandise are also relevant and should be produced.[34] In addition, Flores points out that Lowe's "Conduct Daily Safety Hazmat Review" policy that Lowe's produced lists a number of policies, but Lowe's produced "only three cherry picked polices."[35]

In premises liability cases, the term "maintaining" is often used in describing a premises-owner's duty or the breach thereof: "An occupier of premises owes to his invitees a duty of ordinary care, which encompasses the duties to *maintain* those premises in reasonably *safe condition* and to warn of dangerous conditions on the premises." *Johnson v. Tom Thumb Stores, Inc.*, 771 S.W.2d 582, 585 (Tex. App.—Dallas 1989, writ denied) (brackets and internal quotes omitted) (emphasis added); *see also Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015) ("In a typical premises-liability case, the landowner owes the invitee . . . a duty to keep the premises reasonably safe."). Based on Flores's allegations, deposition testimony, and evidence submitted in connection with this motion, it appears that a returned, metallic merchandise fell

---

[33] Pl.'s Mot. to Compel at 6–7.

[34] *Id.* at 7.

[35] Pl.'s Reply at 2–3.

from a shelf above him and hit his nose, injuring him.[36] He alleges that Lowe's breached its duty by failing to, *inter alia*, "maintain the property to prevent a danger to invitees such as the Plaintiff," "properly inspect the property," "warn invitees," "implement safety precautions," "assure that all employees complied with and followed all safety procedures to prevent injuries to invitees," and by negligently training and supervising its employees "on the proper and safe procedures for handling stacking or displaying of merchandise in a safe manner on the premises."[37]

As explained below, the Court **GRANTS IN PART** Flores's motion as to these requests for production. In so ruling, the Court **MODIFIES** Request for Production Nos. 39, 33, 43 and 44 as follows.[38]

> Request for Production No. 39 (modified): All policies and procedures of maintaining the area in question in safe condition for Defendant's invitees.

---

[36] Pl's First Am. Pet. at § IV, ECF No. 1-2; Pl's Mot. to Compel at 7; Ex. B to Pl.'s Reply at 1.

[37] Pl's First Am. Pet. at § V.

[38] Below, the Court-modified requests or interrogatories are repeated but with strikethroughs to indicate deletions and underlines to indicate additions.

> Request for Production No. 39 (modified): All policies and procedures of maintaining the area in question in safe condition for Defendant's invitees.

> Request for Production No. 33 (modified): Any and all documents and tangible things that show/depict the policies and procedures of Defendant for maintaining or inspecting the shelves of merchandise in the area in question ~~where the Plaintiff's incident occurred~~ to ensure it is safe for invitees such as the Plaintiff.

> Request for Production No. 43 (modified): Any guides, memos, ~~policy,~~ policies, procedures, trainings, ~~guides,~~ and manuals on how to address the issue of falling merchandise from shelves.

> Request for Production No. 44 (modified): Any guides, memos, ~~policy,~~ policies, procedures, trainings, ~~guides,~~ and manuals on how to warn and protect customers from ~~dangerous conditions like the incident made the basis of this suit~~ incidents or injuries involving merchandise falling from shelves.

> Request for Production No. 33 (modified): Any and all documents and tangible things that show/depict the policies and procedures of Defendant for maintaining or inspecting the shelves of merchandise in the area in question to ensure it is safe for invitees such as the Plaintiff.
>
> Request for Production No. 43 (modified): Any guides, memos, policies, procedures, trainings, and manuals on how to address the issue of falling merchandise from shelves.
>
> Request for Production No. 44 (modified): Any guides, memos, policies, procedures, trainings, and manuals on how to warn and protect customers from incidents or injuries involving merchandise falling from shelves.

For purposes of Request Nos. 33 and 39, as modified, "the area in question" is the department[39] (of the Lowe's store) where the aisle in which Flores was allegedly injured is located.

Because at the discovery stage, relevancy is broadly construed, the Court declines to limit the scope of "safe condition" used in the modified Request No. 39 as relating only to falling merchandise,[40] but provides the following guidance based on the parties' arguments presented here. For purposes of Request No. 39, policies or procedures relating to the lighting of the area and security camera positions need not be produced but those relating to cleaning the aisle floor of spills, fallen or dropped objects or merchandise, and the like, and removing fallen or dropped objects or merchandise from the aisle floor in order to make the floor safe for invitees, if such policies or procedures exist, must be produced. Moreover, policies and procedures of stocking

---

[39] Lowe's represents that its policies and procedures are "grouped by department." Def.'s Resp. at 6. The Court infers from this representation that a safety policy for a given department may differ from a safety policy for another department due to, *inter alia*, the differences in the nature of the products, merchandises, or items stocked in the departments.

[40] *See Young v. Braum's, Inc.*, No. 5:19CV161-RWS-CMC, 2021 WL 1413128, at *10 (E.D. Tex. Jan. 8, 2021) (rejecting, in a premises liability case where plaintiffs were injured by a door in the restroom of defendant's store, the defendant's argument that "safety manuals for Defendant's operations (i.e. grocery and restaurant service) being performed on the premises are not relevant to whether the bathroom door created an unsafe condition, nor are written procedures, warnings or manuals for the work and maintenance on the entire premises and for all of Defendant's equipment beyond the bathroom door and its functionality," reasoning that "[a]t the discovery stage, relevancy is broadly construed").

merchandise and restocking returned merchandise in the area in question (but not any "return policy" in general, as Flores argued), inspecting the area, walking the aisles in the area, customer safety in the area, prevention of injuries or accidents in the area, training of employees on maintaining the area in safe condition for invitees, if such policies or procedures exist, must also be produced. However, policies and procedures regarding customers shopping in the store, duties and responsibilities of Lowe's employees, number of employees—as Flores argued—need not be produced in response to Request No. 39.

Further, the Court **ORDERS** Lowe's to produce each of the policies (excepting the ones Lowe's produced) itemized in Lowe's' Conduct Daily Safety Hazmat Review policy that Flores cited in his reply brief. The Court notes that the cited excerpt from the Conduct Daily Safety Hazmat Review policy states that "[e]mployees must walk each aisle of their respective departments looking for safety issues following the guidelines with the following related policies: [listing several policies]," Pl.'s Reply at 2; that statement suggests to the Court that the listed policies are applicable to the area in question and are responsive to, at a minimum, Request No. 39.

Further, the Court **OVERRULES** Lowe's' objection to Request No. 44 on that ground that the information requested is protected by the trade secret privilege.[41] Lowe's' argument that some of the requested materials are protected by the trade secret privilege is conclusory, and the Court also observes that the District Court has issued a confidentiality and protective order in this case.[42]

---

[41] Def.'s Resp. at 9.

[42] 8A Wright & Miller, *supra*, § 2043 ("It is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguards will attend disclosure. It is for the party resisting discovery to establish, in the first instance, that the information sought is within this provision of

Finally, in his reply brief, Flores does not specifically address Lowe's' objections to Request Nos. 33, 43, and 44 on the ground that these requests are not reasonably limited in scope of time. Lowe's complains that Flores's requests could date back years prior to the incident.[43] "Discovery is to be limited to the relevant time period." *Alvarez v. Aldi (Texas) LLC*, No. 3:13-CV-4122-L, 2014 WL 3624929, at *4 (N.D. Tex. July 22, 2014); *see also* 8 Wright & Miller, *supra*, § 2008.5 ("[I]t is ordinarily more burdensome to dig deeper into the past to find information for present use."). There is not "a general rule about the time period suitable for . . . discovery." 8 Wright & Miller, *supra*, § 2008.5. The Supreme Court said that "it is proper to deny discovery of . . . events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978).[44] Still, "older information may often be relevant to the issues presented in a case." 8 Wright & Miller, *supra*, § 2008.5.

Here, the Court finds it reasonable to limit, and therefore, **LIMITS** the responsive period for Request Nos. 33, 43, and 44 to the longer of: (1) the period between June 10, 2018, and June 10, 2020 (the date of the alleged incident made the basis of this lawsuit), inclusive, and (2) the

---

the rule." (discussing Rule 26(c)(1)(G)); *see also, e.g.*, *Black*, 2021 WL 6496721, at *3 (compelling defendant storeowner to produce certain requested policies, procedures, and employee guidance and training within its possession, custody, or control, reasoning that the defendant's "bald statement" that it could not produce such documents "due to proprietary reasons" was, "without more, . . . insufficient to deny relevant discovery, particularly when the Parties have Protective Orders in place that address the production and protection of confidential information").

[43] Def.'s Resp. at 7.

[44] *See also Watanabe v. Summit Path Partners, LLC*, 650 S.W.3d 112, 119 (Tex. App. 2021) ("The statute of limitations for premises liability claims is two years." (citing Tex. Civ. Prac. & Rem. Code § 16.003)).

period between the latest date (before June 10, 2020), if known, on which the fallen merchandise that allegedly injured Flores was restocked upon return and June 10, 2020, inclusive.[45]

The Court notes that Lowe's did not likewise lodge any objection to Request No. 39 on the ground that the request is not reasonably limited in scope of time. The Court, to avoid any further potential disputes, **LIMITS** Request No. 39 to the same responsive period as applied to Request Nos. 33, 43, and 44.

### *5. Facts Related to the Incident*

At dispute are Flores's Interrogatory Nos. 7, 9, and 11. Interrogatory No. 7 requests: "Please describe the area where the accident happened and the dangerous condition around the area." Lowe's states that it will remove its prior objections and supplement its response to refer Flores to a picture of the shelf at issue that it previously produced.[46] Flores replies that the picture does not adequately describe the area at issue and that only Lowe's knows "the department, the aisle number, and the [b]ay number of the area."[47] The Court **GRANTS IN PART** Flores's motion as to Interrogatory No. 7 and **ORDERS** Lowe's to provide the name or other appropriate identification of the department, the aisle number, and the bay number of the area in question; no further response is required to this interrogatory.

Flores's Interrogatory No. 9 requests:

> "Prior to the alleged occurrence, state whether you or any agent of the Defendant had any knowledge of the existence of any defective condition on the premises

---

[45] *See Sinclair v. Home Depot, U.S.A., Inc.*, No. C19-1971-JCC, 2020 WL 1875534, at *2–3 (W.D. Wash. Apr. 15, 2020) (holding, in a premises liability case, that a five-year time limit was reasonable for requests seeking production of documents relating to, *inter alia*, any actions taken to reduce the risk of slipping on liquid on the Premises, including warnings, preventative measures, and any other remedial measures).

[46] *Id*. at 9.

[47] Pl.'s Reply at 4; *see also* Ex. B to Pl.'s Reply (including the picture).

> where the Plaintiff's alleged occurrence happened, including how you or any agent of the Defendant acquired such knowledge, and how long the condition or defect had been present prior to the alleged occurrence."

Lowe's says that it will remove its objections and supplement its responses to reflect: "No."[48]

The Court therefore **DENIES** Flores's motion as to Interrogatory No. 9.[49]

Flores's Interrogatory No. 11 requests:[50]

> "Describe any maintenance, cleaning or other work of any kind that was made to the premises in connection with the alleged occurrence, including, what such maintenance consisted of, the names and addresses of the persons who performed such maintenance or other work and the date and time such maintenance or other work was made."

Lowe's stands on its prior objections to this interrogatory and adds that the proportionality of the request does not reflect the burden on Defendant in describing any maintenance, cleaning, or other work performed on Defendant's premise.[51] Flores replies that maintenance, inspection, or "subsequent remedy"[52] of the area in question are all relevant and discoverable.[53]

The Court **GRANTS IN PART** Flores's motion as to Interrogatory No. 11 but as **MODIFIED** below:[54]

---

[48] Def.'s Resp. at 9.

[49] *See* footnote 11 (citing *Allen*, 2019 WL 13274354, at *1).

[50] Def.'s Resp. at 9.

[51] *Id.* at 10.

[52] *Young*, 2021 WL 1413128, at *10 ("[E]ven though evidence of subsequent remedial measures may not be admissible to prove negligence at trial, such evidence is discoverable. The question as it pertains to the scope of discovery is relevance and proportionality, not admissibility.").

[53] Pl.'s Reply at 5.

[54] Below, Interrogatory No. 11, as modified by the Court, is repeated but with strikethroughs to indicate deletions and underlines to indicate additions:

> Interrogatory No. 11 (modified): Describe any inspection, maintenance, cleaning or ~~other~~ remedial work (collectively, "Work") of any kind that was made to the ~~premises~~ area in

> Interrogatory No. 11 (modified): Describe any inspection, maintenance, cleaning or remedial work (collectively, "Work") of any kind that was made to the area in question in connection with, and at the time of and subsequent to, the alleged incident, including, what such Work consisted of, the names and addresses of the persons who performed such Work and the date and time such Work was made.

If no such work was made, Lowe's shall expressly supplement or amend its response to that effect. The phrase "the area in question" carries the same meaning as it is used in Request for Production No. 39 as modified by the Court and discussed above.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Hector Flores's "Motion to Compel Discovery" (ECF No. 22) is **GRANTED IN PART, DENIED AS MOOT IN PART, and DENIED IN PART** as detailed above and throughout this Memorandum Order.

**IT IS FURTHER ORDERED** that within **14 days** of this Memorandum Order, Defendant Lowe's Home Centers, LLC **SHALL SUPPLEMENT** discovery consistent with this Memorandum Order. As to the discovery requests about which Lowe's has represented in its response brief (ECF No. 33) that it would supplement discovery, and the Court therefore has denied or denied as moot Plaintiff's motion, Defendant **SHALL SUPPLEMENT** discovery as represented, **within the same 14-day period**. If Defendant has no responsive documents or information in relation to *any* rulings the Court has made here, it **SHALL EXPRESSLY SUPPLEMENT OR AMEND** its responses to that effect, **within the same 14-day period**.

**So ORDERED and SIGNED this 12th day of June 2023.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

question in connection with, and at the time of and subsequent to, the alleged ~~occurrence~~ incident, including, what such ~~maintenance~~ Work consisted of, the names and addresses of the persons who performed such ~~maintenance or other~~ work and the date and time such ~~maintenance or other work~~ Work was made.