UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HECTOR FLORES, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| LOWES HOME CENTERS, L.L.C. a/k/a | § | EP-22-CV-00296-KC |
| LOWES d/b/a/ LOWES HOME | § | |
| IMPROVEMENT #1137, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM ORDER
## REGARDING MOTION FOR SANCTIONS

Presently before the Court is Plaintiff Hector Flores's "Motion for Sanctions" (ECF No. 36), wherein Flores moves for sanctions against Defendant Lowe's Home Centers, LLC and/or its counsel. The motion was referred to the undersigned Magistrate Judge by the Honorable District Judge Kathleen Cardone. *See* Text Order (June 19, 2023); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### A. DISCUSSION

Flores filed this motion pursuant to Federal Rule of Civil Procedure 37, which "provides generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37 advisory comm.'s notes to 1970 amend. Sanctions under Rule 37 "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (cleaned up). "District Courts have broad discretion in determining whether to impose a sanction under Rule 37 and, if so, what

sanction to impose." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 664–65 (5th Cir. 1981).[1]

Specifically, Flores moves for sanctions on three grounds: (1) the Court previously granted in part Flores's motion to compel discovery (ECF No. 22); (2) Ronald Johnson, Lowe's' store manager and current employee, failed to appear at a deposition; and (3) Lowe's failed to serve initial disclosures pursuant to Rule 26(a)(1).  Below the Court addresses each in turn.

1. **The Court's Granting of Flores's Motion to Compel**

Flores asks for attorney's fees as a sanction because in response to its motion to compel, Lowe's agreed to remove its prior objections and provide responses to discovery at issue in the motion, "in light of its evasive and incomplete discovery responses" and this Court granted in part his motion.[2]  However, Flores's motion to compel was only partially successful in that this Court granted in part, denied as moot in part, and denied in part his motion.[3]  Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  Thus, partial success on a motion to compel does not entitle its movant to shifting of expenses and fees the movant incurred in making the motion.  *See Baylor v. Mitchell Rubenstein & Assocs., P.C.,* 857 F.3d 939, 951 (D.C. Cir. 2017) (finding no abuse of discretion where the lower court refused to award fees for a partially successful motion to compel).

---

[1] *See also* 8B Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2284 (3d ed.) (Rule 37 is "flexible," and "the decision whether and how severely to sanction under Rule 37 rests securely within the district court's province.").

[2] Pl.'s Mot. for Sanctions at 5–6, ECF No. 36.

[3] Mem. Order at 20, ECF No. 35.

Accordingly, the Court, exercising its discretion, denies Flores's motion for sanctions on this ground, and orders that each party shall bear its own costs and fees for the motion.

### 2. Johnson's Nonappearance at Deposition

A court may order sanctions if "a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include, *inter alia*, "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "The burden is on the party seeking sanctions to show that the person who failed to appear bore the required relation to the [corporate] party to come within [Rule 37(d)]"—*i.e.*, whether the person was the corporate party's officer, director, or managing agent. 8B *Fed. Practice & Procedure*, *supra*, § 2291.

To come within the ambit of Rule 37(d), the party's officer, director, or managing agent may be served merely by a notice to take his or her deposition, without any need for serving a Rule 45 subpoena. *id*.; *see also* 8A *id*. § 2107 (observing that "the courts have reasoned that notice alone, without subpoena, is sufficient"). "Employees of corporate defendants who are not officers, directors, or managing agents are . . . treated as any other non-party," who "must be served with a subpoena pursuant to Rule 45." *Cloud v. Cumulus Media New Holdings, Inc.*, No. 3:22-CV-1673-N, 2023 WL 2700722, at *1 (N.D. Tex. Mar. 29, 2023) (cleaned up).[4] A

---

[4] *McMahon v. Presidential Airways, Inc.*, No. 6:05CV1002-ORL28JGC, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006) ("Although most corporate litigants voluntarily produce subordinate employees, if the corporate party refuses to produce the person, the person must be subpoenaed."); *Morawski v. Farmers Tex. Cnty. Mut. Ins.*, No. 3:14-MC-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014) ("Absent . . . consent [by a non-party to having his or her deposition taken by notice alone], . . . the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." (cleaned up)).

corporate defendant may not be sanctioned under Rule 37(d) for a non-party person's failure to appear at his or her deposition. *See Francois v. Blandford*, No. CIV.A. 10-1330, 2012 WL 777273, at *2 (E.D. La. Mar. 7, 2012) ("Rule 37 simply does not provide a remedy for the failure of a non-party witness to appear at a deposition.").

Here, the record does not reflect that Lowe's designated Johnson as a Lowe's officer, director, or managing agent. *See* Fed. R. Civ. P. 30(b)(6). It appears that throughout the period leading up to Johnson's scheduled deposition, Flores's counsel operated under the assumption that Johnson was a "Corporate Representative."[5] Lowe's' counsel neither confirmed, nor denied, the accuracy of that assumption, though, in response to Flores's counsel's question, Lowe's' counsel confirmed Johnson's availability for the deposition.[6] Flores's counsel served Lowe's with a notice to take Johnson's deposition on June 2, 2023;[7] however, the record does not show that Flores's counsel served Johnson with any Rule 45 subpoena for taking his deposition, nor does it show that Johnson consented to having his deposition taken by the deposition notice alone. On the day of the deposition, Johnson failed to appear, though Lowe's' counsel did appear.

Flores now moves for sanctions against Lowe's for Johnson's nonappearance at the deposition. Lowe's responds that Johnson is not a corporate representative or managing agent and is therefore not under Lowe's' control.[8] It opposes the requested sanction.

---

[5] Ex. A to Pl.'s Mot. to Compel Disc. at 3, ECF No. 34-1. Citations to this and other exhibits whose pages are not consecutively numbered before their filings refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[6] *Id.* at 1.

[7] Statement of Nonappearance of Ronald Johnson, ECF No. 36-1.

[8] Def.'s Resp. to Pl.'s Mot. for Sanctions at 3, ECF No. 38.

As mentioned, the burden is on Flores, who is seeking sanctions under Rule 37(d), to demonstrate that Johnson is a managing agent. The question therefore is whether Johnson qualifies as a managing agent of Lowe's. Flores correctly points out that "'the law concerning who may properly be designated as a managing agent is sketchy.'"[9] In support of his position that Johnson is a managing agent, Flores, in his reply brief, sets forth a list of factors that courts often consider in determining whether a corporate defendant's employee is its managing agent.[10] However, in his discussion why these factors are satisfied as to Johnson, Flores simply parodies the factors; he does not cite to any evidence. The Court therefore finds that Flores has failed to meet his burden to show that Johnson is a managing agent of Lowe's. Accordingly, the Court denies his request for sanctions based on Johnson's nonappearance at his deposition.

3. **Lowe's' Failure to Make Rule 26(a) Initial Disclosures**

Rule 26(a) provides that "a party must, without awaiting a discovery request, provide to the other parties," *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Flores points out that in a joint discovery plan filed on October 12, 2022, the parties agreed to serve their respective Rule 26(a) disclosures by October 24, 2022.[11] He adds

---

[9] Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Sanctions at 4 (quoting *Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015)), ECF No. 39; *see also Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *8 (W.D. Tex. Mar. 9, 2015) ("[T]he test for what does make a managing agent is fact sensitive and evolving; . . . courts have been known to describe the federal common law that has developed around the 'managing agent' concept as 'sketchy.'").

[10] Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Sanctions at 4 (citing *Jackson*, 2015 WL 221087, at *3).

[11] Rule 26(f) Joint Disc./Case Mgmt. Plan at ¶ 9, ECF No. 5.

that Judge Cardone adopted their discovery plan in an order, thus setting the deadline for Rule 26(a) disclosures as October 24, 2022.[12]  Flores moves for sanctions, in the form of attorney's fees, for violating the Court's discovery order and Rule 26(a) because Lowe's has not yet served him with any Rule 26(a)(1) disclosures.[13]

Rule 37(b)(2) empowers a court to sanction a party that disobeys a discovery order, including an order under Rule 26(f).  Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), . . . the court . . . may issue further just orders."); *CEATS, Inc. v. TicketNetwork, Inc*., --F..4th---, No. 21-40705, 2023 WL 4056493, at *5 (5th Cir. June 19, 2023).  Rule 37(b)(2) lists a wide variety of sanctions that the court may impose, Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii), and "the court has broad discretion in fashioning its sanction," *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).  Rule 37(c), on the other hand, empowers a court to sanction a party who "fails to provide information or identify a witness as required by Rule 26(a)."  Fed. R. Civ. P. 37(c)(1).  As a sanction, Rule 37(c) provides for the "automatic exclusion of witnesses and information that were not disclosed despite a duty to disclose," 8B *Fed. Practice & Procedure*, *supra*, § 2289.1 (internal quotes omitted), unless "the failure was substantially justified or is harmless," and in lieu of the automatic exclusion, an award "of the reasonable expenses, including attorney's fees, caused by the failure," among other sanctions, Fed. R. Civ. P. 37(c)(1).  Sanctions under Rule 37(c) are

---

[12] Pl.'s Mot. for Sanctions at 2; *see also* Scheduling Order at 2 (ordering that "the parties' proposed deadlines relating to specific discovery deadlines (i.e. depositions of experts, etc.) set forth in the Report of Planning Meeting are hereby adopted to the extent they are consistent with the deadlines above. To the extent they are inconsistent, the parties are ordered to meet, confer, and arrange new deadlines consistent with the deadlines above"), ECF No. 7.

[13] Pl.'s Mot. for Sanctions at 2; *see also* Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Sanctions at 5 ("Plaintiff prays that Defendant be ordered to pay sanctions.").

"self-executing" in that there is no need for a motion to compel disclosure or an order compelling disclosure as a predicate for imposition of the sanctions.  *See* Fed. R. Civ. P. 37 advisory comm.'s notes to 1993 amend.; 8B *Fed. Practice & Procedure*, *supra*, § 2289.1.

Here, it appears that both parties have taken a sloppy and lackadaisical approach to discovery.  For example, after serving its initial disclosures (which were defective) under Texas procedural rules before the case was removed to federal court in August 2022, Lowe's did not serve initial disclosures that Rule 26(a)(1) requires, but the deadline for such disclosures was October 24, 2022.  After responding and objecting, on February 10, 2023, to Flores's requests for production and interrogatories, Lowe's waited two more months to produce documents on April 11, 2023, which was only two days shy of the then discovery deadline.

Flores, for his part, waited until January 13, 2023, to serve his Rule 26(a)(1) disclosures,[14] and that too was well past the October 24, 2022 deadline for making such disclosures.  Flores, for the first time, propounded his requests for production and interrogatories on February 6, 2023.[15]  Further, it was not until April 11, 2023, that Flores, by and through his counsel, "made his *first attempt* to confer with Defendant on discovery disputes."[16]  It took Flores another month to file his motion to compel on May 8, 2023, which was two months short of the then amended discovery deadline of July 12, 2023.  The parties' deposition efforts did not commence until March 27, 2023, with Lowe's taking Flores's deposition.

---

[14] Pl.'s Certificate of Service, ECF No. 8; Pl.'s Witness List & Persons with Relevant Knowledge, ECF No. 9.

[15] Def.'s Second Am. Opposed Mot. for Leave to File Resp. to Pl.'s Mot. to Compel Disc. at 2, ECF No. 29.

[16] Pl.'s Resp. in Opp'n to Def.'s Second Am. Opposed Mot. for Leave to File a Resp. to Pl.'s Mot. to Compel & Req. for Att'y Fees at 1 (emphasis added), ECF No. 31.

Importantly, to avoid any prejudice, Flores did not bring Lowe's' Rule 26(a)(1) non-compliance to the Court's attention until May 26, 2023, when he filed an ancillary brief in connection with his motion to compel.[17]  In his motion to compel, filed on May 8, 2023, Flores did not complain about Lowe's' failure to comply with Rule 26(a)(1), much less mentioned that rule; instead, he complained about his request for initial disclosures, made before removal of the case and pursuant to Texas Rule of Civil Procedure 194.2, seeking "[T]he name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case[.]"[18]  Flores mentioned Rule 26(a)(1) for the *first time* in his reply brief in support of his motion to compel, and that mention was in connection with his state-court request for initial disclosures and a federal-court interrogatory that requested similar information.[19]  And in ruling on the parties' disputes as to these requests, the Court pointed out the distinctions between federal and Texas procedural rules governing initial disclosures[20] and ultimately, "harmonize[d] . . . Flores's state-court request for initial disclosure of persons having knowledge of relevant facts and the interrogatory as initially propounded."[21]  The Court modified the scope of the interrogatory and ordered Lowe's to serve its initial disclosures under Rule 26(a)(1) by June 28, 2023.[22]

---

[17] Pl.'s Reply to Def.'s Show Cause Resp. at 1 ("Defendant also failed to provide required Rule 26 disclosures."), ECF No. 30.

[18] Mem. Order at 8.

[19] Pl.'s Reply to Def.'s Resp. to Pl.s' Mot. to Compel Disc. at 3–4, ECF No. 34.

[20] Mem. Order at 8–9.

[21] *Id.* at 11, n.27.

[22] *Id.* at 9, 20.

Following the Court's Memorandum Order on Flores's motion to compel, the parties have mutually agreed to extend the Court-issued deadline for Lowe's to comply with the Order to July 7, 2023—a mere five days shy of the current discovery deadline of July 12, 2023.[23]  To the extent that Flores claims to have been prejudiced by Lowe's' failure to serve Rule 26(a)(1) initial disclosures,[24] it makes little to no sense why Flores would agree to such an extension.

Under these circumstances, the Court, exercising its discretion, denies Flores's request for sanctions for Lowe's' failure to comply with Rule 26(a)(1).  However, to the extent that Lowe's fails to comply with this Court's Memorandum Order compelling Lowe's to serve its Rule 26(a)(1) initial disclosures—by the parties' agreed-upon date, **the Court will not hesitate to impose sanctions upon Lowe's** should Flores presents a further motion for sanctions, if any.

Finally, the Court adds a coda.  By now, this Court has been called upon to rule on two discovery motions and a contested leave motion filed in connection with one of the discovery motions.  The Court has expended a substantial amount of its scarce judicial resources in ruling on the parties' disputes presented in these motions.  **SHOULD THE COURT BE CALLED UPON ONCE AGAIN TO RESOLVE ANY FURTHER DISCOVERY DISPUTES, IT WILL NOT HESITATE TO IMPOSE SANCTIONS, INCLUDING SEVERE SANCTIONS, UPON THE NON-PREVAILING PARTY.**

### B.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED**[25] that Plaintiff Hector Flores's Motion for Sanctions (ECF No. 36) is **DENIED**.

---

[23] Def.'s Resp. to Pl.'s Mot. for Sanctions at 2.

[24] *See* Pl.'s Mot. for Sanctions at 4.

[25] *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any *pretrial matter* pending before the court, except [certain motions.]" (emphasis added));

**So ORDERED and SIGNED this 7th day of July 2023.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

Fed. R. Civ. P. 72(a) ("When a pretrial matter *not dispositive* of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . , when appropriate, issue a written order stating the decision." (emphasis added)); *see also, e.g.*, *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. Unit A 1981) ("Since discovery issues are by definition pretrial matters, the magistrate possessed authority under 28 U.S.C. § 636(b)(1)(A) to assess reasonable expenses and attorney's fees under Rule 37(a)(4) [(subsequently, renumbered as Rule 37(a)(5))].").